IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                         Case No. 3:14CR441

    Plaintiff

    v.                                             **ORDER**

Lee Turner, et al.,

    Defendant

    This is a criminal case in which the government has filed a notice of possible conflict of interest on the part of defendant's retained counsel, John Potts. (Doc. 42). Defendant filed a response (Doc. 47), and thereafter I held a hearing.

    At the hearing, a prior client and the defendant gave fully adequate waivers of the conflict. The government, in its supplemental memorandum (Doc. 46), acknowledges that disqualification of counsel on the basis of that conflict is not necessary.

    The second individual, Tyrone Frieson, whom the government indicates it may call as a witness, refused through his counsel to waive any conflict. According to the government, Frieson had called Potts after Potts began representing the defendant in this matter. Potts, who once represented Frieson about twenty years ago, stated that he learned no information adverse to Frieson as a result of that call.

    Potts, in turn, offered, with the defendant's consent, to play no role in cross-examining Frieson were the government to call him as a witness. The government requested leave to brief the issue further in light of Potts' suggestion.

Potts, in effect, has suggested creating a *de facto* equivalent to the government's conventional, and oft-employed, practice when it faces possible conflicts, of establishing a "taint team."

Without responding directly to that suggestion, the government's supplemental brief recites Ohio Rule of Professional Conduct 1.18(d):

> When the lawyer has received disqualifying information as defined in division (c), representation is permissible if either of the following applies:
>
> (1) both the affected client and the prospective client have given informed consent, confirmed in writing;
>
> (2) the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client, and both of the following apply:
>
>> (I) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom;
>>
>> (ii) written notice is promptly given to the prospective client.

The government's supplemental memo proposes that, if I "determine that Potts has substantially complied with Ohio Rule 1.18(d) and accept the Defendant's waiver of conflict," I should "order that Potts' cross-examination of Mr. Frieson be limited to matters of public record or that other protections be imposed to ensure that Potts does not take advantage of the relationship and privileged communications he had with Mr. Frieson."

Though Potts disputes whether any conflict arose because Frieson was never a "prospective client," I conclude I need not address this issue in light of the government's concession that a suitable approach to avoiding any actual conflict exists.

I find that Potts has substantially complied with his duties under Rule 1.8(d)(2). Having another attorney cross-examine Frieson, if he testifies (and Potts playing no role whatsoever in outside counsel's cross-examination), will adequately screen Potts from injuring Frieson (and, conversely, benefitting the defendant).

While the record does not indicate that Potts provided Frieson with written notice of the possible conflict (because, presumably, he believed in good faith no conflict existed), I find that such failure is immaterial. Frieson has independent counsel and the measures I have employed will fully protect his interests.

I decline to impose the penalty on Potts of requiring, even if such is the mandate of the Ohio Rule, of forfeiture of his right to keep his retainer and obtain, if necessary, further compensation in this case.[1] Presumably, he had received his fee, or made provision to do so, prior to Frieson's unsolicited call to him. To impose such consequence would, in my view, create at least the appearance of a possible conflict far more grave than that which has led to this proceeding: namely, pitting Potts' pecuniary interests against the defendant's right to fully dedicated representation.

I conclude, accordingly, that any adverse consequence of any possible conflict that might exist – and I find no conflict has been established, as there is no evidence Potts received "information from the prospective client that could be significantly harmful to that person in the matter," Oh. R. Prof'l Conduct 1.18(d)(C) – is entirely avoidable by the alternative that Potts has proposed, and which the government has not expressly opposed: the defense equivalent of a taint team *vis-a-vis* cross-examination of Frieson.

---

[1] I have informed Potts that, in the event the retainer proves insufficient to compensate him for his representation of the defendant, and if the defendant is unable to compensate him, I will, on defendant's filing of the requisite affidavit, have Potts compensated under the Criminal Justice Act.

This, then, is not one of those cases where a potential conflict of interest – and my concerns about the consequent integrity of the proceedings – trump the defendant's Sixth Amendment right to counsel of his choosing. *Cf. Wheat v. U.S.*, 486 U.S. 153 (1988).

Alternatively, if the defendant consents on the record to such limitation, cross-examination by Potts shall be limited to matters of public record.

It is, accordingly,

ORDERED THAT:

1. If the government calls Tyrone Frieson at trial, independent counsel other than the defendant's attorney shall conduct cross-examination;

2. The Federal Public Defender be, and hereby is appointed to represent the defendant as co-counsel exclusively *vis-a-vis* cross-examination of Tyrone Frieson, and to prepare for such cross-examination independently of defendant's retained counsel, alternatively;

3. Any cross-examination by defendant's retained counsel shall, if defendant so concurs expressly on the record, be limited exclusively to matters of public record;

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge