**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America,

Plaintiff,

v.

Lee Turner, et al.,

Defendant.

Case No. 3:14CR441

**AMENDED ORDER**

This is a criminal case in which the government has filed a notice of possible conflict of interest on the part of defendant's retained counsel, John Potts. (Doc. 42). Defendant filed a response (Doc. 47), and thereafter I held a hearing.

At the hearing, one of Potts' prior clients and the defendant gave fully adequate waivers of the conflict. The government, in its supplemental memorandum (Doc. 46), acknowledges that disqualification of counsel on the basis of that conflict is not necessary.

Another former client, Tyrone Frieson, whom the government indicates it may call as a witness, refused through his counsel to waive any conflict. According to the government, Frieson had called Potts after Potts began representing the defendant in this matter. Potts, who once represented Frieson about twenty years ago, stated that he learned no information adverse to Frieson as a result of that call.

Potts, in turn, offered, with the defendant's consent, to play no role in cross-examining Frieson were the government to call him as a witness. The government requested leave to brief the issue further in light of Potts' suggestion.

Potts, in effect, has suggested creating a *de facto* equivalent to the government's conventional, and oft-employed, practice when it faces possible conflicts, of establishing a "taint team." *E.g.*, *In re Grand Jury Subpoenas*, 454 F.3d 511, 515 (6th Cir. 2006).

Without responding directly to that suggestion, the government's supplemental brief recites Ohio Rule of Professional Conduct 1.18(d):

> When the lawyer has received disqualifying information as defined in division (c), representation is permissible if either of the following applies:
>
> (1) both the affected client and the prospective client have given informed consent, confirmed in writing;
>
> (2) the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client, and both of the following apply:
>
> (I) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom;
>
> (ii) written notice is promptly given to the prospective client.

The government's supplemental memo proposes that, if I "determine that Potts has substantially complied with Ohio Rule 1.18(d) and accept the Defendant's waiver of conflict," I should "order that Potts' cross-examination of Mr. Frieson be limited to matters of public record or that other protections be imposed to ensure that Potts does not take advantage of the relationship and privileged communications he had with Mr. Frieson."

Though Potts disputes whether any conflict arose because Frieson was never a "prospective client," I conclude I need not address this issue, given the government's concession that a suitable approach to avoiding the conflict exists.[1]

I find that Potts has substantially complied with his duties under Rule 1.18(d)(2).

Having another attorney cross-examine Frieson, if he testifies (and Potts playing no role whatsoever in outside counsel's cross-examination or its preparation), will adequately screen Potts from injuring Frieson (and, conversely, benefitting the defendant). *See U.S. v. Turner,* 594 F.3d 946, 953 (7th Cir. 2010) (where defendant had two lawyers, lawyer "without the conflict could have cross-examined the [witness whose relationship with co-counsel created potential conflict] and this would have eliminated all risks") (internal quotation marks omitted); *accord U.S. v. Georgievski*, 2015 WL 3378453, *2 (D. Nev.) ("To the extent additional protection is required, the Court can follow the suggestion in *Turner* that separate counsel be appointed to cross-examine" witness whose relationship with primary defense counsel could create conflict); *People v. Suff*, 324 P.3d 1, 21-22 (Cal. 2014) (recognizing authority to appoint conflict-free counsel to cross-examine witnesses whose relationship with primary counsel created potential conflicts, but concluding court did not abuse its discretion by declining to do so and disqualifying primary counsel).

While the record does not indicate that Potts provided Frieson with written notice of the possible conflict (because, presumably, he believed in good faith no conflict existed), I find that such

---

[1] I note that Frieson's exercise, through counsel, of his right not to testify at the hearing as to his recollection of the contents of his phone call to Potts leaves the record incomplete and me unable to determine, one way or the other, whether Potts received "information from the prospective client that could be significantly harmful to that person in the matter," Oh. R. Prof'l Conduct 1.18(c).

failure is immaterial. Frieson has independent counsel and the measures I have employed will fully protect his interests.

I decline, moreover, to impose the penalty on Potts of requiring, even if such is the mandate of the Ohio Rule, forfeiture of his retainer and of his right to obtain, if necessary, further compensation in this case.[2] Presumably, he had received his fee, or made provision to do so, prior to Frieson's unsolicited call to him.

To require Potts, who will, as defendant desires (and is, under the Sixth Amendment, entitled to desire) remain as the defendant's attorney, to forfeit his past and future fee in these circumstances would, in my view, create a real conflict of interest: namely, pitting Potts' pecuniary interests against the defendant's right to fully dedicated representation by the advocate of his choosing.

I conclude, accordingly, that any adverse consequence of any possible conflict that might hypothetically exist is entirely avoidable by the alternative that Potts has proposed and *Turner*, *supra*, endorses, and as to which the government has not expressly objected: namely, the defense equivalent of a taint team *vis-a-vis* cross-examination of Frieson.

The effect of this approach will be, as when the government uses a taint team, to guard against the adverse consequences of continuous representation by a party's chosen representative. It will also prevent Frieson, whose status is, at most, that of Potts' prospective client, from exercising *de facto* control over the defendant's choice of counsel.

Trial courts "must recognize a presumption in favor of [a defendant's] counsel of choice[.]" *U.S. v. Brock*, 501 F.3d 762, 772 (6th Cir. 2007); *accord Wheat v. U.S.*, 486 U.S. 153, 164 (1988).

---

[2] I have informed Potts that, in the event the retainer proves insufficient to compensate him for his representation of the defendant, and if the defendant is unable to compensate him, I will, on defendant's filing of the requisite affidavit, have Potts compensated under the Criminal Justice Act.

I do so here, and conclude, for the reasons given above, that the presumption favoring the Sixth Amendment right to counsel of choice has not been overcome. This is not one of those cases where a potential conflict and its potential effect on the integrity of the proceedings trump the defendant's constitutional right to his counsel of choice.

Alternatively, Potts may conduct the cross-examination of Frieson if: 1) such cross-examination is limited to matters of public record; and 2) the defendant has consented on the record to cross-examination of Frieson being limited to such matters, and none other.

It is, accordingly,

ORDERED THAT[3]:

1. If the government calls Tyrone Frieson at trial, independent counsel other than the defendant's attorney shall conduct cross-examination;

2. The Federal Public Defender be, and hereby is appointed to represent the defendant as co-counsel exclusively *vis-a-vis* cross-examination of Tyrone Frieson, and to prepare for such cross-examination independently of defendant's retained counsel; and, alternatively;

3. Any cross-examination by defendant's retained counsel shall, if defendant so concurs expressly on the record, be limited exclusively to matters of public record.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

[3] This amended order, which vacates and supplants my prior ruling (Doc. 48) re. the government's notice of a potential conflict, explains and elaborates my reasons for concluding Potts' relationship with Frieson does not require disqualification.