IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,             Case No. 3:14CR441

       Plaintiff

    v.                            **ORDER**

Lee T. Turner,

       Defendant

      This is a criminal case in which the defendant, Lee T. Turner, pleaded guilty to conspiracy with intent to distribute heroin, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and being a felon in possession of a firearm, 18 U.S.C. § 922(g), 18 U.S.C. § 924(a)(2). The government dismissed four other counts as part of the plea agreement with Turner.

      According to the Presentence Report, Turner is a "career offender" under United States Sentencing Guideline § 4B1.1 because at least two of his prior felony convictions were for a "crime of violence." (Doc. 86 at ¶¶10, 58–59). In that case, Turner's criminal-history category would be Category VI, rather than Category III. *See* U.S.S.G. § 4B1.1(b); (Doc. 86 at ¶10).

      After hearing from the parties on this issue, I agreed with the PSR's conclusion *vis-a-vis* the career-offender Guideline. Consequently, and without regard to the other sentencing objections that Turner submitted, I considered, and accepted in part and rejected in part, that his Guideline Range was between 360 months and life.

I sentenced Turner at the low end of that range to a term of 360 months. I told the parties that I would explain my career-offender ruling in a subsequent order. That is the task to which I turn below.

## Discussion

Under the Guidelines, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

As of July 31, 2016, the Guidelines defined "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

Application Note 1 to Guideline § 4B1.2 further defined "crime of violence" to include "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."[1]

---

[1] The revised version of the Guidelines that took effect on August 1, 2016 transferred this list of "crimes of violence" (with some minor alterations that are immaterial here) into the text of Guideline § 4B1.2(a)(2). Courts ordinarily apply the version of the Guidelines that is in effect at the time of sentencing, *Huff v. U.S.*, 734 F.3d 600, 608 (6th Cir. 2013), but Turner contends that doing so here would violate the Ex Post Facto clause. (Doc. 98 at 11). This argument has no merit. The 2015 and 2016 versions of Guideline § 4B1.2 are essentially identical, and the Sentencing Commission's comments make clear that the amendment to § 4B1.2 merely clarifies that all of the enumerated offenses in Application Note 1 fall, and always have fallen, within the definition of "crime of violence."

After *Johnson v. U.S.*, 135 S. Ct. 2551 (2015), there are two ways in which a felony conviction can qualify as a "crime of violence": "the conviction is one of the crimes specifically enumerated in Application Note 1 to the career offender guideline," or "the crime has as an element the use, attempted use, or threatened use of physical force." *U.S. v. Cooper*, 739 F.3d 873, 878 (6th Cir. 2014).

The PSR noted, and Turner does not dispute, that he has prior felony convictions for robbery, in violation of O.R.C. § 2911.02; kidnapping, in violation of O.R.C. § 2905.01(A); bank robbery, in violation of M.C.L. § 750.531; and assault with a dangerous weapon, in violation of M.C.L. § 750.82. (Doc. 86 at ¶¶58–59).[2]

The government argues that each conviction was for a "crime of violence" because each is an enumerated offense, whether under Application Note 1 or the 2016 version of § 4B1.2(a)(2). (Doc. 89 at 17–20). In the alternative, the government contends that the Ohio robbery conviction and the Michigan convictions qualify because the use or threatened use of force is an element of each crime. (*Id.* at 17–21).

Turner responds that neither Ohio conviction qualifies under the use-of-force clause, given the overly-expansive manner in which the Ohio courts supposedly construe the "force" elements of the robbery and kidnapping statutes. His written objections do not address whether those convictions qualify under the enumerated-offenses clause, nor does they address whether the Michigan convictions qualify. (Doc. 86 at 44–45; Doc. 92 at 9–11; Doc. 98 at 11–15).

---

[2] At the sentencing hearing I expressed the view that each of these convictions was for a "crime of violence." This order amends that finding – without altering my finding that Turner is a career offender – by establishing that only two of the convictions are qualifying predicate offenses.

### A. The Categorical and Modified Categorical Approaches

To determine whether a prior conviction is for a "crime of violence," I conduct "a well-established two-step analysis." *Cooper*, *supra*, 739 F.3d at 878.

First, I apply "the categorical approach outlined in *Taylor v. U.S.*, 495 U.S. 575 (1990), looking only to the fact of conviction and the statutory definition – not the facts underlying the offense – to determine whether that definition supports a conclusion that the conviction was for a crime of violence." *Id.* (internal quotation marks omitted).

Second, "if it is possible to violate the statute in a way that would constitute a crime of violence and in a way that would not," *id.*, I apply the "modified categorical approach." *Descamps v. U.S.*, 133 S. Ct. 2276, 2281 (2013). Under that approach, I may consider "the indictment, guilty plea, or similar documents to determine whether they necessarily establish the nature of the prior conviction." *Id.* (internal brackets omitted).

### B. Turner's Convictions

#### 1. Ohio Robbery

Turner has a 1995 conviction for robbery in Ohio.

At the time of his offense, the Ohio robbery statute provided that "[n]o person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another." O.R.C. § 2911.02(A). A separate provision defined "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." O.R.C. § 2901.01(A)(1).

### a. Enumerated-Offenses Clause

The government contends that this conviction was for a crime of violence simply because robbery is an enumerated offense in § 4B1.2. (Doc. 89 at 17). I disagree.

Circuit law provides that a prior conviction is not a "crime of violence" merely because "it has the same name as one of the enumerated offenses." *U.S. v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012). "Rather, the offense for which the defendant was convicted must fall within the generic definition of that crime, which is found by surveying how the crime is described across jurisdictions, as well as consulting sources such as the Model Penal Code." *Id.*; *see also Taylor*, *supra*, 495 U.S. at 588–89 (robbery is a "violent felony" under the Armed Career Criminal Act only if it "ha[s] certain specified elements," regardless of whether the crime "happened to be labeled 'robbery' . . . by the laws of the State of conviction").[3]

The relevant inquiry, which neither the government nor Turner addressed, is whether Ohio's definition of robbery falls within the generic definition of that crime.

According to the Fifth Circuit, the generic form of robbery "may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving [immediate] danger to the person." *U.S. v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006).[4]

---

[3] *Taylor* and a few other cases I discuss in this order arose under the Armed Career Criminal Act, 18 U.S.C. § 924(e), rather than § 4B1.2. Those cases are nevertheless persuasive authority because "[w]hether a conviction is a 'violent felony' under § 924(e) is analyzed the same way as whether a conviction is a 'crime of violence' under USSG § 4B1.2." *U.S. v. Perry*, 703 F.3d 906, 910 (6th Cir. 2013).

[4] The Sixth Circuit has not addressed the generic definition of robbery in a published opinion, but it observed in *U.S. v. Baquette*, 567 F. App'x 450, 451 (6th Cir. 2014), that "the accomplishment of robbery by putting in fear [is] not broader than the generic definition of robbery."

"The majority of states require property to be taken from a person or a person's presence by means of force or putting in fear," while eleven other states and the Model Penal Code "define the immediate danger in terms of bodily injury." *Id.* at 380 & n. 5–6. Federal law defines the offense of robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

Other circuits agree that, in light of these definitions of robbery, "the generic definition of robbery [is] the taking of property from another person or from the immediate presence of another person by force or intimidation." *U.S. v. Lockley*, 632 F.3d 1238, 1244 (11th Cir. 2011); *accord U.S. v. Walker*, 595 F.3d 441, 446 (2d Cir. 2010); *U.S. v. Garcia-Caraveo*, 586 F.3d 1230, 1233 (10th Cir. 2009); *U.S. v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008).

As it existed in 1995, Ohio's robbery statute corresponds to this generic understanding of robbery. A conviction under O.R.C. § 2911.02(A) requires that a defendant: 1) commit or attempt to commit a theft offense; and 2) in doing so use or threaten to use "force" – i.e., "any violence, compulsion, or constraint[.]" O.R.C. § 2901.01(A)(1).

Accordingly, Turner's Ohio robbery conviction is a "crime of violence" under the enumerated-offenses clause.

### b. Use-of-Force Clause

Taking a belt-and-suspenders approach, I also conclude that the Ohio robbery conviction is a "crime of violence" under the use-of-force clause.

A prior conviction qualifies under the use-of-force clause if the offense has "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G.

6

§ 4B1.2(a)(1). The force involved must be "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson v. U.S.*, 559 U.S. 133, 140 (2010) (emphasis in original).

In *U.S. v. Mansur*, 375 F. App'x 458 (6th Cir. 2011), the Sixth Circuit held – post-*Johnson* – that the robbery statute that Turner violated defines a "crime of violence" under the use-of-force clause. According to the Circuit, "the 'type of force' envisioned by the force prong of the Ohio robbery statute was 'that which poses actual or potential harm to a person," and such force is "capable of causing physical pain or injury to a person." *Id.* at n.8 (quoting *State v. Carter*, 29 Ohio App. 3d 148 (1985)).

Relying on *U.S. v. Litzy*, 137 F. Supp. 3d 920 (S.D. W. Va. 2015), Turner contends, in essence, that *Mansur* was wrongly decided, and that the "force" element encompasses exertions of force that cannot cause physical pain. (Doc. 92 at 10–11).

I disagree and will follow *Mansur* for largely the same reasons that Judge Gwin gave for rejecting *Litzy* as unpersuasive in *U.S. v. White*, 2016 WL 3945361, *6 (N.D. Ohio) (Gwin, J.). *See also U.S. v. Wright*, 2016 WL 6525388, *2–3 (S.D. Ohio) (rejecting *Litzy*); *U.S. v. Ginter*, 2016 WL 347663, *6-7 (E.D. Ky.) (*Litzy* ignores Ohio case law distinguishing between robberies accomplished via use of force and robberies accomplished via threat of force).

**2. Ohio Kidnapping**

Turner also has a 1995 Ohio conviction for kidnapping. The version of the Ohio kidnapping statute then in place, O.R.C. § 2905.01(A)(1), provided

> (A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes: (1) To hold for ransom, or as a shield or hostage.

The government again relies on the bare fact that kidnapping is an enumerated offense (Doc. 89 at 19), but that is insufficient for the conviction to qualify as a "crime of violence." *Rede-Mendez*, *supra*, 680 F.3d at 556.

The Sixth Circuit examined the generic definition of kidnapping in *U.S. v. Soto-Sanchez*, 623 F.3d 317 (6th Cir. 2010). That was a case addressing whether a Michigan conviction for attempted kidnapping was a "crime of violence" under U.S.S.G. § 2L1.2, the Guideline establishing enhanced penalties for defendants whom the government has previously deported after they committed a "crime of violence."

After consulting state laws and the Model Penal Code, the court determined that "the generic offense of kidnapping requires more than unlawful confinement or restraint of the victim." *Soto-Sanchez*, *supra*, 623 F.3d at 323.

Rather, kidnapping requires "restraint plus the presence of some aggravating factor such as circumstances that create a risk of physical harm to the victim, or movement of the victim from one place to another." *Id.*; *see also U.S. v. De Jesus Ventura*, 565 F.3d 870, 876 (D.C. Cir. 2009) ("nearly every state kidnapping statute includes two common elements: (1) an act of restraining, removing, or confining another; and (2) an unlawful means of accomplishing that act"); *U.S. v. Moreno-Florean*, 542 F.3d 445, 454 (5th Cir. 2008) (elements of generic kidnapping are "an act of restraining, removing, or confining another," "an unlawful means of accomplishing that act," and "some additional element of intent or severity").

In the main, Ohio's kidnapping statute comports with these understandings of the kidnapping offense. But in one key respect Ohio's statute sweeps more broadly than the generic offense.

Under O.R.C. § 2905.01(A), a person can be guilty of kidnapping if, "in the case of a victim under the age of thirteen or mentally incompetent," he uses "*any means*" to "remove another from the place where he is found or restrain him of his liberty[.]" (Emphasis supplied).

This variant of kidnapping – the use of "any means" to remove or restrain a minor or incompetent victim – is what poses the problem.

In *U.S. v. Flores-Granados*, 783 F.3d 487, 494 (4th Cir. 2015), the Fourth Circuit recognized that generic kidnapping involves the restraint or confinement of a victim by means of "force, threat, or deception, or in the case of a minor or incompetent individual *without the consent of a parent or guardian*." (Emphasis supplied); *see also U.S. Iniguez-Barba*, 485 F.3d 790, 791–92 (5th Cir. 2007) (same).

The Model Penal Code defines kidnapping *vis-a-vis* minor or incompetent victims in a similar fashion, requiring that the removal or confinement be accomplished without valid consent. *See* Model Penal Code § 212.1 ("A removal or confinement is unlawful within the meaning of this Section if . . . in the case of a person who is under the age of 14 or incompetent, [ ] it is accomplished *without the consent of a parent, guardian or other person responsible for general supervision of his welfare*.") (emphasis supplied).

The majority of states include an age-of-consent requirement when defining kidnapping *vis-a-vis* victims who are incompetents or minors. *See U.S. v. Marquez-Lobos*, 697 F.3d 759, 765 (9th Cir. 2012) (recognizing consent requirement for kidnapping of minors, but doubting whether "the generic definition incorporates a *specific* age of consent") (emphasis in original); *see also* Brief for the United States, *U.S. v. Marquez-Lobos*, Case No. 10–10470 (9th Cir.), 2012 WL 2129909, *18–20 & n. 5–7 (collecting statutes).

I have not located another state statute that defines as kidnapping the restraint or confinement of a minor or incompetent person by "any means" without also requiring that the defendant lacked valid consent.

Because Ohio's definition of kidnapping is therefore broader than the definition of generic kidnapping, Turner's conviction does not qualify, categorically, as a crime of violence. It may be that the conviction qualifies under the modified-categorical approach, but the government has not so argued. I therefore conclude that the Ohio kidnapping statute does not establish a "crime of violence."[5]

### 3. Michigan Bank Robbery

Turner also has a 1995 Michigan conviction for bank robbery.

Under M.C.L. § 750.531, a person committed bank robbery if:

> with intent to commit the crime of larceny, or any felony, shall confine, maim, injure or wound, or attempt, or threaten to confine, kill, maim, injure or wound, or shall put in fear any person for the purpose of stealing from any building, bank, safe or other depository of money, bond or other valuables, or shall by intimidation, fear or threats compel, or attempt to compel any person to disclose or surrender the means of opening any building, bank, safe, vault or other depository of money, bonds, or other valuables, or shall attempt to break, burn, blow up or otherwise injure or destroy any safe, vault or other depository of money, bonds or other valuables in any building or place, shall, whether he succeeds or fails in the perpetration of such larceny or felony[.]

This statute contains a divisible set of elements, some of which have the use, threatened use, or attempted use of force as an element.[6] For example, the statute prohibits one from:

---

[5] *U.S. v. Kaplansky*, 42 F.3d 320 (6th Cir. 1994) (en banc), held that an Ohio kidnapping conviction is a violent felony under the ACCA's residual clause, but, after *Johnson*, *supra*, 135 S. Ct. at 2563, that case is no longer good law.

[6] The government again argues that, simply because robbery is an enumerated offense, Turner's bank-robbery conviction is for a "crime of violence." (Doc. 89 at 19). That is not a correct

- maiming, injuring, or wounding any person for the purpose of stealing from any building, bank, safe, or other depository of money;

- attempting or threatening to kill, maim, or injure any person for the purpose of stealing from any building, bank, safe, or other depository;

- compelling or attempting to compel another person, by means of intimidation or threats, to disclose or surrender the means of opening open a bank building, vault, safe, or depository of money.

But the statute also prohibits one from "attempt[ing] to break, burn, blow up or otherwise injure or destroy any safe, vault or other depository of money, bonds or other valuables." It certainly is conceivable that, in attempting to "break" or "injure" a safe or vault, one could employ or exercise an amount of force that is incapable of causing pain or injury, as *Johnson*, *supra*, 559 U.S. at 140, requires. This is especially so where the object of the force is an inanimate object, rather than a person.

Because it is "possible to violate [this] statute in a way that would constitute a crime of violence and in a way that would not," *Descamps*, *supra*, 133 S. Ct. at 2281, I may consider the indictment to establish the nature of Turner's offense.

The indictment from Turner's case reflects that authorities charged that he, "with the intent to commit the crime of larceny, *put in fear* [the victim] for the purpose of stealing money from a bank[.]" (Doc. 89–1 at 1) (emphasis supplied).

---

statement of the law, as I have already explained. Given the dearth of case law, moreover, addressing the generic definition of bank robbery, the absence of any argument on this point by the government, and my understanding, *infra*, at 12, of the Michigan offense of bank robbery by "put[ting] in fear any person," M.C.L. § 750.531, I decline to resolve whether the Michigan offense qualifies under the enumerated-offenses clause. *Cf. U.S. v. Shuck*, 481 F. App'x 600, 603 (11th Cir. 2012) (federal bank robbery accomplished by intimidation corresponds to the generic definition of robbery and is a "crime of violence" under the enumerated-offenses clause).

The government likens this charge to violating the federal bank-robbery statute, 18 U.S.C. § 2113(a), by "intimidation." (Doc. 89 at 20). Under that statute, "intimidation" means "conduct and words . . . calculated to create the impression that any resistance or defiance . . . would be met by force." *U.S. v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016). For that reason, the Sixth Circuit held that bank robbery accomplished by intimidation "involves the threat to use physical force" and is a crime of violence under the use-of-force clause. *Id.*

Yet the government has not established that "intimidation" and "put[ting] in fear" are equivalent concepts. The parties have cited no Michigan case law construing the "put in fear" element, but my research turned up one case, *People v. Madison*, 2014 WL 4495223 (Mich. App.), that suggests they are not equivalent.

The defendant in *Madison* argued that the prosecution failed to prove the "put in fear" element because it introduced no evidence that, in committing or attempting to commit a larceny, the defendant used "intimidation or threats." *Id.* at *2. The Court of Appeals disagreed. "Under the plain language of MCL 750.531," the court explained, "it is enough to show that defendant put in fear any person for the purpose of stealing," regardless of whether he did so via threats or intimidation. *Id. Madison* therefore suggests that something less than "intimidation" can suffice to prove the "put in fear" element.

Accordingly, to "put in fear any person" under the Michigan bank-robbery law is not equivalent to using "intimidation" under the federal bank-robbery law, and *McBride* does not support the government's argument. The "put in fear" method of bank robbery is thus not a "crime of violence" under the use-of-force clause.

12

### 4. Michigan Felonious Assault

Turner's final conviction is a 1995 Michigan conviction for felonious assault.

At the time of Turner's conviction, "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony[.]" M.C.L. § 750.82.

"Felonious assault is defined as simple assault aggravated by the use of a weapon." *People v. Jones*, 504 N.W.2d 158, 164 (Mich. 1993). "A simple assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v. Terry*, 553 N.W.2d 23, 25 (Mich. App. 1996).

"[T]he only intent that would appear to be required [to commit felonious assault] is the intent necessary to constitute a simple assault." *People v. Johnson*, 202 N.W.2d 340, 342 (Mich. App. 1972). In a simple-assault case, "the jury should be instructed that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery." *People v. Johnson*, 284 N.W.2d 718, 719–20 (Mich. 1979).

### a. Enumerated-Offenses Clause

The Sixth Circuit has recognized "the Model Penal Code definition of aggravated assault as the generic definition for the purpose of deciding whether a crime with that label is a crime of violence, at least in states which have merged the crimes of assault in battery." *Rede-Mendez*, *supra*, 680 F.3d at 557.

In states like Michigan "that retain a distinct crime of assault in which the fear of injury is sufficient for conviction, 'there must be an actual intention to cause apprehension.'" *Id.* (quoting 2 Wayne R. LaFave, *Substantive Criminal Law* § 16.3(b) (2d ed. 2003)).

Michigan's felonious assault statute corresponds to the generic definition of aggravated assault because it requires either "an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery." *Johnson*, *supra*, 284 N.W.2d at 719–20; *accord People v. Lewis*, 2000 WL 33419373, *1 (Mich. App.) ("The jury was properly instructed regarding the specific intent required for simple assault as follows: 'Second, that the defendant intended either to injure [the victim] or to make [the victim] reasonably fear an immediate battery. *An assault cannot happen by accident*.") (emphasis supplied); *cf. Rede-Mendez*, *supra*, 680 F.3d at 557 (New Mexico's aggravated-assault offense did not correspond to generic offense because it "does not require specific intent to injure or frighten the victim").

Accordingly, the Michigan felonious-assault conviction qualifies categorically as a crime of violence under the enumerated-offenses clause.

### b. Use-of-Force Clause

Finally, and for the sake of completeness, I reject the government's argument (Doc. 89 at 20–21) that the Michigan felonious-assault conviction qualifies under the use-of-force clause.

The government relies on *U.S. v. Mosley*, 339 F. App'x 568 (6th Cir. 2009), which held that the statute at issue here has as an element the use, threatened use, or attempted use of force. But as my colleague, District Judge Jeffrey Helmick, has explained, *Mosley* was a pre-*Johnson* case, and it does not stand for the proposition that the Michigan felonious-assault statute involves the use of "violent" force. *U.S. v. Warrick*, 2016 WL 6833746, *3 (N.D. Ohio) (Helmick, J.).

I concur, moreover, in Judge Helmick's bottom-line ruling that "Michigan's felonious assault statute does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another[.]'" *Id.* at *4 (quoting *Johnson*, *supra*, 559 U.S. at 140).

## Conclusion

Because two of Turner's prior convictions – the Ohio robbery conviction and the Michigan felonious-assault conviction – are for a "crime of violence," Turner is "career offender" under U.S.S.G. § 4B1.1.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge
