# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Lee T. Turner, | Case Nos: | 3:14cr441 and |
| | | 3:19cv2182 |
|     Petitioner-Defendant, | | |
| v. | **ORDER** | |
| United States of America, | | |
|     Respondent-Plaintiff. | | |

Pending is the defendant's amended motion (Doc #124) under 28 U.S.C. § 2255 to vacate his sentence of 360 months, which was the low end of the Guideline Range of 360 months to life imprisonment. The sentence followed the defendant's guilty plea pursuant to a Plea Agreement.[1]

Through successor counsel, the defendant appealed his sentence, which the Circuit affirmed. *U.S. v. Turner,* 738 Fed.Appx. 856 (6th Cir. 2018). As pertinent here, the defendant's appeal challenged my findings that: 1) he was a leader or organizer of the conspiracy; 2) he qualified as a career offender in light of a prior Ohio conviction for robbery and a Michigan conviction for felonious assault; 3) he had obstructed justice; and 4) he was not entitled to credit for acceptance of responsibility.

Though the court affirmed the sentence, it vacated two of my findings. First, on the basis of the intervening decision in, *U.S. v. Yates,* 866 F.3d 723 (6th Cir. 2017), finding the defendant

---

[1] The defendant also has a pending amended motion (Doc #3) in a companion case, No. 3:19cv2182, also filed under 28 U.S.C. § 2255, seeking to enforce the Plea Agreement or to transfer the case to another judge. This decision encompasses both motions.

1

was not a career offender. Second, it vacated my finding that the defendant had obstructed justice because he allegedly attempted to procure the murder of a government witness through a cellmate turned informant. The court did not do so on that basis that I should not have credited the informant's testimony. Instead, it concluded that, because the defendant had told the informant to wait until after sentencing, his request was retaliatory, rather than obstruction as of the date of sentencing. *Turner, supra,* at 862.

The Court also noted that I had relied on my finding of obstruction as a basis for denying the defendant credit for acceptance. Despite that error on my part, the Court concluded that the defendant's continuing claim that he was not a leader or organizer, despite evidence to the contrary, justified denying him credit for acceptance of responsibility. *Id.,* at 864.

The defendant seeks relief in this § 2255 proceeding on three grounds. He first claims that the prosecutor breached the Plea Agreement when she did not, as the Plea Agreement required, affirmatively recommend that I give the defendant credit for acceptance of responsibility. In addition, he claims his appellate counsel provided constitutionally ineffective assistance of counsel (IAC) by failing to appeal: 1) the prosecutor's alleged breach of the Plea Agreement; and 2) my finding that the jailhouse informant's testimony, on which I made my findings that the defendant had obstructed justice, was not entitled to acceptance credit.

For the reasons that follow, I deny the defendant's motion. In addition, I decline to grant a Certificate of Appealability.

**Background**

The government agreed in a Plea Agreement to recommend a three-level reduction to the defendant's offense level for acceptance of responsibility:

> The USAO has no reason to believe at this time that Defendant has
> not clearly and affirmatively accepted personal responsibility for

> Defendant's criminal conduct. The USAO agrees to recommend a three (3) level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), provided Defendant's conduct continues to reflect Defendant's acceptance of responsibility. Defendant understands it will be up to the Court at the time of sentencing to determine whether a reduction for acceptance of responsibility is appropriate.

(Doc. 68, ¶ 19).

The probation officer, who prepared the Presentence Report (PSR), determined the base offense level to be 32. The Officer also applied enhancements for possession of a dangerous weapon (U.S.S.G. § 2D1.1(b)(1)), maintaining a premises for drug distribution (§ 2D1.1(b)(12)), defendant's role as a leader or organizer (§ 3B1.1(a)), and obstruction of justice (§ 3C1.1). In the Presentencing Report (PSR), the probation officer did not apply a reduction for acceptance of responsibility, stating:

> As of the completion of the presentence investigation, the defendant has not clearly demonstrated acceptance of responsibility for the offense. USSG §3E1.1. A reduction for Acceptance of Responsibility pursuant to USSG §3E1.1 is not warranted because of the defendant's lack of admission of relevant conduct as well as the prevailing evidence of obstructive behavior as defined in USSG §3C1.1. Additionally, pursuant to USSG §3E1.1, Application Note 4, "Conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§3C1.1 and 3E1.1 may apply."

(Doc. 86 ¶ 53).

The government filed its sentencing memorandum (Doc. 89) and argued that the court should apply enhancements for the defendant's possession of a dangerous weapon, maintaining a premises for drug distribution, role as a leader or organizer, and obstruction of justice. The government did not, however, comment on or request, either in its sentencing memorandum or during the sentencing hearing, that I reduce the offense level for acceptance of responsibility.

In this proceeding, the defendant requested an evidentiary hearing to take testimony regarding the jailhouse informant's allegation, as referenced in the PSR, that the defendant offered to pay the informant to kill a cooperating witness. Defendant's attorney also filed a motion for an evidentiary hearing, followed by two memoranda stating his objections to the PSR. (Docs. 91, 92, 98). He argued that, "[f]or the government to now support a denial of a 3 level reduction for acceptance of responsibility as recommended in the PSR based upon information known to the government at the time it entered into the Plea Agreement would constitute a breach of the Plea Agreement." (Doc. 92, pg. 16).

At the sentencing hearing, I heard testimony from Special Agent Matthew Meyer as to the issue of the defendant's role as an organizer or leader. Relative to his alleged obstruction of justice, I heard the jailhouse informant's testimony on which I based – erroneously, as the Circuit later held, my obstruction of justice finding, which underlay my denial of acceptance credit.

The defendant made a statement before I pronounced sentence. He expressed regret that he played a role in feeding his customers' drug addictions and also stated:

> But I'm also conscious and educated enough to see that when I read literature concerning this epidemic, a lot of it stems from young kids taking opiates that they shouldn't have that led into one thing that led into another. And I know it might sound callous and cold for me to say what I'm about to say, but *I never put a gun to anybody's head to make them take the drugs that they take or to do the things that they do.*

Sentencing Transcript, December 9, 2016, pp. 132-33 (Emphasis supplied).

During the sentencing hearing, Mr. Potts never directly or indirectly alluded to or even suggested that the government was in breach of the Plea Agreement.

To be sure, in his objections addressed to the PSR he stated, as already noted, "[f]or the government to now support a denial of a 3 level reduction for acceptance of responsibility as

4

recommended in the PSR based upon information known to the government at the time it entered into the Plea Agreement would constitute a breach of the Plea Agreement." (Doc. 92, pg. 16).

At most, this statement conveyed an apprehension that the prosecution would *during the sentencing hearing* unjustifiably fail to fulfill its obligations. At best, it was opaque and oblique. Whatever it was, it was not a request to me for me to find that such was so.

I conclude, in light of my detailed review of the record, that there is no merit to the motion, and I reject the defendant's demands for an evidentiary hearing and resentencing.

## Discussion

I consider each of the defendant's contentions in turn, namely, whether: 1) the government breached the Plea Agreement; 2) appellate counsel's failure to assert the alleged breach on appeal constituted IAC; and 3) appellate counsel's failure to challenge my finding that the jailhouse informant was credible constituted IAC.

### 1. Breach of the Plea Agreement[2]

The prosecutor did not breach the Plea Agreement. The defendant did. The Agreement only obligated the prosecutor to affirmatively recommend acceptance credit at sentencing on a conditional basis. In other words, she only agreed to do so, "provided the Defendant's conduct continues to reflect defendant's acceptance of responsibility." (Doc. 68, ¶ 19).

The defendant failed to abide by his commitment to refrain from disputing his responsibility for his actions and the extent of his criminal conduct. Most significantly, he challenged the probation officer's addition of four points to his base offense level for his role as

---

[2] As I discuss in the next subsection, trial counsel failed to preserve the issue of an alleged breach of the Plea Agreement for possible appellate (and § 2255) review. In the interest of completeness – and to leave no doubt about the propriety of the prosecutor's actions – I deal with that substantive issue on its merits.

a leader or organizer. The evidence clearly and convincingly showed otherwise: namely, that he arranged, oversaw, and enabled the conspiracy to succeed for about a year.

The defendant's unyielding contention that he was not a leader or organizer, standing alone, breached his obligations under the Plea Agreement. Moreover, he foreswore any claim of acceptance when, as the sentencing hearing neared its conclusion, he declared emphatically, "I never put a gun to anyone's head." That volunteered unequivocal disclaimer alone disentitled the defendant to acceptance credit.

Those facts aside, the Sixth Circuit found that his denial of a leadership or organizer role in this case alone justified, without more, withholding acceptance credit. As the Sixth Circuit summarized in part: "[The defendant] recruited and vetted accomplices, had assistance from an accomplice in keeping a drug ledger, and, while in jail, asked relatives to collect his drug debts. Turner, by contrast, denies controlling any of his accomplices. He argues that they worked together collaboratively." *Turner, supra,* at 861.

Thus, the prosecution's failure to recommend acceptance credit at sentencing was not a breach of its obligations under the Plea Agreement.

### 2. Failure to Appeal Alleged Breach of Plea Agreement

Despite the defendant's assertions, Appellate counsel did not fail to provide effective assistance of counsel *vis-a-vis* the alleged prosecutorial breach of the Agreement for two reasons. First, as just discussed, there was no breach. Thus, any appeal would have been unsuccessful.

Second, in any event, Mr. Potts never asserted that the prosecutor was in breach for withholding an affirmative recommendation that I grant acceptance. As I have already indicated, his pre-hearing suggestion that the prosecutor would be in breach if she did not recommend

6

acceptance, was by no means a request to me for a finding or a means to ensure a ruling would occur. There was no basis at that time for any such objection.

To require – and deserve – a judicial response, an objection must alert the judge that counsel wants to be heard and have a ruling. An objection must put the *court* on notice and do so directly. Even if there had been an objection at some point, Mr. Potts did not ask for a ruling. This, alone, constituted a failure to preserve the objection for appeal. *United States v. Flowers,* 428 Fed.Appx. 526, 529 (6th Cir. 2011).

Counsel's statement was anticipatory – not made in response to any statement or act, direct or indirect, that manifest an intent *at sentencing* to fail to fulfill its obligations under the Agreement. There was simply no basis at that time to make that claim. Accordingly, the defendant's appellant attorney cannot be faulted for not appealing any putative breach of the Plea Agreement.

Finally, even if somehow the record were to show a timely and valid objection asserting prosecutorial breach of the Plea Agreement, Mr. Potts failed to preserve it for appeal. Any objection as to which counsel fails to secure a ruling is waived. Thus, the defendant's claim that the failure of appellate counsel to include a claim of breach of the Plea Agreement was constitutionally deficient has no merit.

### 3. Failure to Challenge the Finding Regarding Informant's Credibility

Mr. Potts ably challenged the jailhouse informant's credibility. Finding him credible was a close call. Accordingly, I accept, *arguendo,* that grounds existed on which an appellate attorney could reasonably and responsibly have claimed that my credibility finding was clearly erroneous. On that basis, I accept *arguendo* that appellate counsel should have asserted that issue on appeal.

However, to prevail on his IAC claim, the defendant must show that prejudice resulted

from such failure. He must show that his attorney's IAC affected the outcome. This requires him to establish that, but for the IAC, his sentence would have been different. *Strickland v. Washington,* 466 U.S. 668, 694 (1984). For two reasons, the defendant cannot meet that burden.

First, there was the defendant's startling statement that he, "never put a gun to anyone's head." In other words, blame lay with his addict customers, not with him. The fault was theirs, not his. The defendant's repudiation of acceptance could hardly have been more explicit.

Second, the defendant's contention that he was not a leader or organizer also manifests his refusal to accept responsibility. The record clearly established his leadership and organizational role in the conspiracy. To merit credit, acceptance cannot be half-hearted, as it was here.

This is not to say – or to hold – that a challenge to an assessment contained in the PSR of one's role *ipso facto* forfeits one's entitlement to acceptance credit. But where, as here, the question is not close, then the denial of one deprives entitlement to the other.

Consequently, even if appellate counsel should have appealed my credibility finding, the defendant incurred no prejudice. He remains where the Circuit left, him minus the points I assessed as a career offender and for obstruction of justice, but lacking credit for acceptance of responsibility.

Once the dust has settled, the defendant's offense level is 40 and his criminal history category is III. This results in a Guideline Range of 360 months to life, the same Guideline Range at the time of sentencing.

**Conclusion**

Despite his success on appeal and here, the defendant received a sentence at the low end of the appropriate Guideline Range. Whatever errors may have occurred, he was not prejudiced. Thus it is not necessary to conduct an evidentiary hearing or to grant him relief.

It is, accordingly,

ORDERED THAT the defendant's amended motion to vacate sentence (Doc 124) under 28 U.S.C. § 2255, be, and the same hereby is denied.

Jurists of reason could not rationally dispute the result herein or its rationale. Accordingly, I decline to issue a Certificate of Appealability.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge